FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

OCT 3 0 2024

TAMMY H. DOWNS, CLERK
By:_____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**ANN CRAIN**                                                                 **PLAINTIFF**

v.                              Case No. 4:24-CV- 938-BSM

**PULASKI COUNTY SPECIAL SCHOOL DISTRICT**              **DEFENDANT**

## ORIGINAL COMPLAINT

COMES NOW Ann Crain, by and through her attorneys Elizabeth Rogers and Chris Burks of WH LAW, for her Original Complaint against Pulaski County Special School District, she does hereby state and allege as follows:

### I. PRELIMINARY STATEMENTS

1.     Plaintiff brings this action against the Defendant for violation under Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981") for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees, as a result of Defendant's discriminatory actions toward Plaintiff, resulting in an adverse employment action and hostile workplace.

2.     Plaintiff received inequitable treatment and an adverse employment action as a result of her skin color, which is black, and her complaints about this treatment.

3.     Upon information and belief, Defendant has willfully and intentionally committed violations of Section 1981, as described, *infra*.

### II. JURISDICTION AND VENUE

4.     The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises

This case assigned to District Judge **Miller**
and to Magistrate Judge **Harris**

federal questions under Section 1981.

5. The acts complained of herein were committed and had their principal effect within the Central Division of the Eastern District of Arkansas. Accordingly, venue is proper within this District pursuant to 28 U.S.C. § 1391.

6. Defendant does business in this District and a substantial part of the events alleged herein occurred in this District.

7. The witnesses to Section 1981 violations alleged in this Complaint reside in this District.

### III. THE PARTIES

8. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

9. Plaintiff is a resident and citizen of Pulaski County, Arkansas.

10. Plaintiff Ann Crain was hired by Defendant as a teacher in 1992.

11. At all material times, Plaintiff has been entitled to the rights, protection, and benefits provided under Section 1981.

12. Defendant Pulaski County Special School District is a public school district that can be served through its Superintendent, Dr. Charles McNulty.

13. Defendant Pulaski County Special School District is an "employer" within the meanings set forth in Section 1981, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer.

## IV. FACTUAL ALLEGATIONS

14. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

15. Plaintiff was employed by Defendant continuously starting in August 1992.

16. In the 2022-2023 school year, Plaintiff worked as a teacher and was supervised by Dr. Yvette Dillingham.

17. Plaintiff is a dark-skinned African American woman.

18. Dr. Dillingham is a light-skinned African American woman.

19. In addition to Plaintiff, Dr. Dillingham also supervised two white teachers.

20. Dr. Dillingham showed a clear preference and favoritism to the white teachers she supervised. This included Dr. Dillingham belittling Plaintiff in front of them, making false reports to district staff that Plaintiff was being difficult, and telling Plaintiff that she would not receive a contract for the 2023-2024 school year and that she was "nothing" and "a nobody in this district."

21. Dr. Dillingham evaluated Plaintiff on May 18, 2023, giving her a 3 on her evaluation. Plaintiff and Dr. Dillingham both signed off on this 2022-2023 evaluation.

22. On the last day of school for the 2022-2023 school year, Plaintiff and the other teachers were in a meeting with Dr. Dillingham discussing the School Improvement Plan. Plaintiff made a joking comment asking why they were reviewing this plan on the last day of the school year. Dr. Dillingham then gave Plaintiff some instructions about what she needed to do, and Plaintiff left the room.

23. On June 15, 2023, Plaintiff received notice that Dr. Dillingham had changed her evaluation from a score of 3 to a score of 2.5 as a result of her "unprofessionalism" in the meeting

on the final day of school, even though her comment was a joke made in a meeting on the final day of school, and did not merit Plaintiff's evaluation for the entire 2022-2023 school year being lowered. Dr. Dillingham also placed a letter in Plaintiff's personnel file that contained false allegations about Plaintiff's behavior in the May 30 meeting.

24. After Plaintiff's evaluation was lowered, Plaintiff complained to Dr. Sonya Whitfield, Defendant's Deputy Superintendent, on June 26, 2023, and to Arkansas Department of Education on September 13, 2023. Plaintiff complained that her evaluation was unfairly changed due to Dr. Dillingham's unethical behavior.

25. On September 29, 2023, after making these complaints, Plaintiff was told she was being transferred to a new school for the 2023-2024 school year, which was already underway.

26. Plaintiff complained to Dr. Yolaundra Williams, Defendant's Assistant Superintendent, that she was being transferred even though she had more seniority than other teachers at the school who were not being transferred.

27. Dr. Williams told her that her seniority did not matter, and that she could accept the transfer or essentially be fired.

28. Plaintiff transferred to her new school, but due to the ongoing retaliation, she retired on December 31, 2023.

29. As a result of the ongoing discrimination Plaintiff experienced as a result of her color and in retaliation for her complaints about this treatment, Plaintiff experienced an adverse action of her yearly evaluation being changed and a hostile workplace, which resulted in her constructive termination.

## V.  FIRST CLAIM FOR RELIEF – Section 1981 Claims

30. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

31. Plaintiff is a dark-skinned African American woman, and a member of a protected class on the basis of race.

32. Defendant engaged in unlawful intentional discrimination against Plaintiff on the basis of her skin color and race.

33. Defendant engaged in unlawful intentional discrimination against Plaintiff on the basis of her skin color and her race.

34. Defendant discriminated against Plaintiff as described above, including but not limited to harassing her, subjecting her to a hostile work environment, transferring her to another school, and constructively terminating her.

35. Defendant's interference with Plaintiff's regular job performance, and its harassment of her, was based on racially discriminatory reasons, and was an adverse employment act that violated Plaintiff's right to make and enforce employment contracts on a non-racially discriminatory basis.

36. Defendant's actions were taken with a willful and wanton disregard of Plaintiff's rights under Section 1981.

37. As a direct and proximate result of said unlawful employment practices and in disregard of Plaintiff's rights and sensibilities, Plaintiff has suffered humiliation, degradation, emotional distress, other consequential damages, and lost wages.

38. Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary, and in bad faith.

## VI. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Ann Crain respectfully prays that Defendant be summoned to appear and to answer herein as follows:

(A) A declaratory judgment that Defendant's practices violate the Civil Rights Act of 1866, 42 U.S.C. § 1981, and the related regulations;

(B) Judgment for damages pursuant the Civil Rights Act of 1866, 42 U.S.C. § 1981 et seq. for all compensation, compensatory, and punitive damages owed Plaintiff;

(C) An order directing Defendant to pay compensatory and punitive damages to Plaintiff along with pre-judgment interest, reasonable attorney's fees, and all costs connected to this action;

(D) Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**Ann Crain, PLAINTIFF**

WH Law
North Little Rock Office
501.888.4357

By: Elizabeth Rogers (ABN: 2023219)
elizabeth.rogers@wh.law
Chris Burks (ABN: 2010207)
chris@wh.law

Mailing Address:
1 Riverfront Place, Suite 745
North Little Rock, AR 72114